IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR-IN-INTEREST TO BANK OF AMERICA, N.A., AS TRUSTEE, SUCCESSOR TO WELLS FARGO BANK, N.A., AS TRUSTEE, FOR THE REGISTERED HOLDERS OF WACHOVIA BANK COMMERCIAL MORTGAGE TRUST, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-C23, ACTING BY AND THROUGH ITS SPECIAL SERVICER CWCAPITAL ASSET MANAGEMENT, LLC, | § § § § § § § § § § § § § § § § § § § § § § § | NO. 3:13-CV-0133-N |
| Plaintiff, | | |
| VS. | | |
| NNN 3500 MAPLE, LLC, et al. | | |
| Defendants. | | |

## AMENDED COMPLAINT

Plaintiff U.S. Bank National Association, as Trustee, successor-in-interest to Bank of America, N.A., as Trustee, Successor to Wells Fargo Bank, N.A., as Trustee, for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23 ("U.S. Bank"), acting by and through its special servicer, CWCapital Asset Management LLC ("CWCAM"), as for its Complaint against the above-captioned Defendants, hereby alleges as follows:

## PARTIES

1. Plaintiff U.S. Bank is a national banking association bank and, for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1348, is a citizen of Ohio because that is the state in which its main office is located.

2. CWCAM is the special servicer for U.S. Bank and is authorized to conduct this litigation on behalf of and in the name of U.S. Bank.

3. Upon information and belief, Defendant NNN 3500 MAPLE, LLC ("Original Borrower 1") is a limited liability company organized and existing under the laws of the State of Delaware located at 1551 North Tustin Avenue, Suite 200, Santa Ana, CA 92705; its registered agent is National Registered Agents, Inc., 160 Greentree Drive Suite 101, Dover, DE 19904; and, all members of Original Borrower 1 are citizens of California.

4. Upon information and belief, Defendant NNN 3500 MAPLE VF 2003, LLC ("Original Borrower 2") is a limited liability company organized and existing under the laws of the State of Delaware located at 1551 North Tustin Avenue, Suite 200, Santa Ana, CA 92705; its registered agent is National Registered Agents, Inc., 160 Greentree Drive Suite 101, Dover, DE 19904; and, all members of Original Borrower 2 are citizens of California.

5. Upon information and belief, Defendants NNN 3500 MAPLE 1, LLC, NNN 3500 MAPLE 2, LLC, NNN 3500 MAPLE 3, LLC, NNN 3500 MAPLE 4, LLC, NNN 3500 MAPLE 5, LLC, NNN 3500 MAPLE 6, LLC, NNN 3500 MAPLE 7, LLC, NNN 3500 MAPLE 8, LLC, NNN 3500 MAPLE 9, LLC, NNN 3500 MAPLE 10, LLC, NNN 3500 MAPLE 11, LLC, NNN 3500 MAPLE 12, LLC, NNN 3500 MAPLE 13, LLC, NNN 3500 MAPLE 14, LLC, NNN 3500 MAPLE 15, LLC, NNN 3500 MAPLE 16, LLC, NNN 3500 MAPLE 17, LLC, NNN 3500 MAPLE 18, LLC, NNN 3500 MAPLE 20, LLC, NNN 3500 MAPLE 22, LLC, NNN 3500

MAPLE 23, LLC, NNN 3500 MAPLE 24, LLC, NNN 3500 MAPLE 25, LLC, NNN 3500 MAPLE 27, LLC, NNN 3500 MAPLE 28, LLC, NNN 3500 MAPLE 29, LLC, NNN 3500 MAPLE 30, LLC, NNN 3500 MAPLE 31, LLC, NNN 3500 MAPLE 32, LLC, NNN 3500 MAPLE 34, LLC, NNN 3500 MAPLE 35, LLC (either individually or collectively, "Additional Borrowers" and, together with Original Borrower 1 and Original Borrower 2, "Defendant Borrowers"), are each a limited liability company organized and existing under the laws of the State of Delaware located at 1551 North Tustin Avenue, Suite 200, Santa Ana, CA 92705; the registered agent of each is National Registered Agents, Inc., 160 Greentree Drive Suite 101, Dover, DE 19904.

6. Upon information and belief, all members of each of Defendant Borrowers NNN 3500 MAPLE 1, LLC, NNN 3500 MAPLE 2, LLC, and NNN 3500 MAPLE 13, LLC are citizens of Florida.

7. Upon information and belief, all members of Defendant Borrower NNN 3500 MAPLE 3, LLC are citizens of either Nevada or North Carolina.

8. Upon information and belief, all members of Defendant Borrower NNN 3500 MAPLE 4, LLC are citizens of North Carolina.

9. Upon information and belief, all members of each of Defendant Borrowers NNN 3500 MAPLE 5, LLC and NNN 3500 MAPLE 35, LLC are citizens of Illinois.

10. Upon information and belief, all members of Defendant Borrower NNN 3500 MAPLE 6, LLC are citizens of Massachusetts.

11. Upon information and belief, all members of each of Defendant Borrowers NNN 3500 MAPLE 7, LLC, NNN 3500 MAPLE 12, LLC, NNN 3500 MAPLE 14, LLC, NNN 3500 MAPLE 15, LLC, NNN 3500 MAPLE 16, LLC, NNN 3500 MAPLE 17, LLC, NNN 3500

MAPLE 20, LLC, NNN 3500 MAPLE 22, LLC, NNN 3500 MAPLE 23, LLC, NNN 3500 MAPLE 24, LLC, NNN 3500 MAPLE 25, LLC, NNN 3500 MAPLE 27, LLC, NNN 3500 MAPLE 28, LLC, NNN 3500 MAPLE 29, LLC, NNN 3500 MAPLE 31, LLC, and NNN 3500 Maple 34, LLC are citizens of California.

12. Upon information and belief, all members of each of Defendant Borrowers NNN 3500 MAPLE 8, LLC and NNN 3500 MAPLE 9, LLC are citizens of Oregon.

13. Upon information and belief, all members of Defendant Borrower NNN 3500 MAPLE 10, LLC are citizens of Arkansas.

14. Upon information and belief, all members of Defendant Borrower NNN 3500 MAPLE 11, LLC are citizens of Colorado.

15. Upon information and belief, all members of Defendant Borrower NNN 3500 MAPLE 18, LLC are citizens of New Mexico.

16. Upon information and belief, all members of Defendant Borrower NNN 3500 MAPLE 30, LLC are citizens of Utah.

17. Upon information and belief, all members of Defendant Borrower NNN 3500 MAPLE 32, LLC are citizens of Nevada.

18. Upon information and belief, Defendant Triple Net Properties, LLC ("Indemnitor"), that has changed its name to NNN Realty Investors, LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Virginia located at 18102 Sky Park South Suite A-1, Irvine, CA 92614; its registered agent is National Registered Agents, Inc., 4701 Cox Road Suite 301, Glen Allen, VA 23060; and, all members of Indemnitor are citizens of California.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and complete diversity of citizenship exists among the parties.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

21. Defendant Borrowers are indebted to U.S. Bank pursuant to that certain Promissory Note dated December 27, 2005, as amended by Note Modifications dated February 10, 2006, June 13, 2006, October 11, 2006 and December 15, 2006 (collectively, the "Note"), payable to the order of Wachovia Bank, National Association ("Original Lender"), as original payee, in the original principal amount of $47,000,000.00 (the "Loan").

22. The Note is secured by, among other things, a Deed of Trust, Security Agreement, and Fixture Filing dated December 27, 2005 (the "Deed of Trust"), which was recorded in the Official Public Records of Dallas County on January 9, 2006 as Instrument Number 200600008238. The security interests granted under the Deed of Trust encumber certain real property, improvements, personal property and general intangibles particularly described in the Deed of Trust as the "Property" and commonly known as 3500 Maple in Dallas, Texas. The Note, the Deed of Trust, and all other documents executed in connection therewith or relating in any way thereto are referred to hereinafter either individually or collectively as the "Loan Documents." The Loan Documents set forth the terms for the Trust's secured claim ("Secured Claim").

23. The Note stipulates terms and conditions under which the Note's borrowers (either individually or collectively, "Borrowers") are to make timely payments of principal and

interest, and provides that in the event of non-payment under the Note or any other default under any other Loan Document (an "Event of Default"), the Note holder may accelerate all amounts due under the Note regardless of the date of the maturity. *See* Note, at § 2.1.

24. The Security Agreement likewise provides that, among other events, (a) any failure by Borrowers to make timely payments under the Note or (b) any filing for bankruptcy by any Borrower constitutes an Event of Default, at which point the Note holder may accelerate the maturity date of the Note and declare all amounts owed to be immediately due and payable. *See* Deed of Trust, at §§ 4.1 and 5.1.

25. The Note further provides that the Note holder may pursue recourse liability if, among other events, the "Property or any part thereof shall become an asset" in "a voluntary bankruptcy or insolvency proceeding of Borrower or Indemnitor." *See* Note, at § 2.6.

26. As a condition, among others, of the Loan and to induce the Original Lender to make the Loan, Original Borrower 1 and Original Borrower 2 agreed that upon any transfer of an undivided interest in the Property to one or more entities as additional tenants in common, each such transferee "shall become an additional Borrower hereunder and shall be jointly and severally liable for the obligations and liabilities of Borrower under this Note and under the other Loan Documents." *See* Note, at § 4.3; *see also* Deed of Trust, at § 2.9(g).

27. By and through a series of assumptions and modifications, the Additional Borrowers became transferees of undivided interests as tenants in common in the Property and consequently assumed the obligations and liabilities of Borrowers under the Note and the other Loan Documents.[1]

---

[1] They are: Partial Loan Assumption and Modification Agreement dated February 10, 2006, which was recorded in the Official Public Records of Dallas County on February 15, 2006 as Instrument Number 200600057021, as amended by the Reaffirmation, Consent to Transfer and Modification Agreement dated December 21, 2007 (the "February 2006 PLAA"); Partial Loan Assumption and Modification Agreement dated June 13, 2006, which was

28.   Under the February 2006 PLAA, the June 2006 PLAA, the October 2006 PLAA, and the December 2006 PLAA, each Additional Borrower represented, warranted, and covenanted that it "assumes the obligations contained in the Loan Documents," "shall pay when and as due all sums under the Note and other Loan Documents," and "shall perform all obligations imposed upon" Borrowers by the Note and the Loan documents. *See* February 2006 PLAA, at § 2(c); June 2006 PLAA, at § 2(c); October 2006 PLAA, at § 2(c); December 2006 PLAA, at § 2(c).

29.   Each Additional Borrower further agreed to: assume "all of the obligations of [Original Borrower 1] set forth in the Note" and the other Loan Documents "in accordance with their respective terms and conditions"; "abide by and be bound by all of the terms of the Loan Documents; and pay, perform, and discharge each and every obligation of payment and performance under, pursuant to and as set forth in" the Note and the Loan Documents. *See* February 2006 PLAA, at § 3; June 2006 PLAA, at § 3; October 2006 PLAA, at § 3; December 2006 PLAA, at § 3.

30.   Under the December 2007 Consent to Transfer Agreement, as a condition, among others, of the Note holder's consent to the transfer, Original Borrower 1, the transferor, and those Additional Borrowers that were parties thereto represented, warranted, and covenanted that they "remain jointly and severally liable for the full unpaid principal amount of the Loan, as provided in the Note, and further agree to continue to pay, perform, and discharge each and every

---

recorded in the Official Public Records of Dallas County on June 16, 2006 as Instrument Number 200600220618 (the "June 2006 PLAA"); Partial Loan Assumption Agreement dated October 11, 2006, which was recorded in the Official Public Records of Dallas County on October 17, 2006 as Instrument Number 200600385613, as amended by the Reaffirmation, Consent to Transfer and Modification Agreement dated December 21, 2007 (the "October 2006 PLAA"); Partial Loan Assumption Agreement dated December 15, 2006, which was recorded in the Official Public Records of Dallas County on December 20, 2006 as Instrument Number 200600469649 (the "December 2006 PLAA"); and the Reaffirmation, Consent to Transfer and Modification Agreement dated December 21, 2007, which was recorded in the Official Public Records of Dallas County on December 28, 2007 as Instrument Number 20070460920 (the "December 2007 Consent to Transfer Agreement"). *See also* Note Modifications dated February 10, 2006, June 13, 2006, October 11, 2006 and December 15, 2006.

obligation of payment and performance under, pursuant to and as set forth in the Note" and the Loan Documents "in the manner and otherwise in all respects as therein provided." *See* 2007 Consent to Transfer Agreement, at § 1(a).

31. The October 2006 PLAA, the Loan Modification dated October 11, 2006, and December 2007 Consent to Transfer Agreement also transferred certain undivided interests as tenant in common in the Property to NNN 3500 MAPLE 26, LLC ("Maple 26"), which likewise became a Borrower and consequently assumed the obligations and liabilities of a Borrower under the Note and the other Loan Documents under the same terms as Additional Borrowers. *See* Note Modification dated October 11, 2006; *see also* October 2006 PLAA; *see also* 2007 Consent to Transfer Agreement.

32. As a condition, among others, of the Loan and to induce the Original Lender to make the Loan, the Indemnitor executed and delivered that certain Indemnity and Guaranty Agreement dated December 27, 2005 (the "Guaranty"), pursuant to which the Indemnitor agreed in § 1 to "be fully liable for all principal, interest and other amounts which may be due and owing by Borrower under the Note" and the Loan Documents "from and after," among other events, "a default by Borrower" of certain covenants set forth in the Deed of Trust or "the Property or any part thereof becoming an asset" in "a voluntary bankruptcy or insolvency proceeding of Borrower."

33. U.S. Bank is the current holder of the Loan Documents pursuant to instruments including the following:

    a. An Assignment of Deed of Trust, Security Agreement and Fixture Filing dated May 26, 2006 from Original Lender to Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage

Pass-Through Certificates, Series 2006-C23 ("Wells Fargo"), which was recorded in the Official Public Records of Dallas County on September 8, 2006 as Instrument Number 200600334422;

  b. An Assignment of Note and Ancillary Security Documents dated July 12, 2006 from Original Lender to Wells Fargo;

  c. An Assignment of Deed of Trust, Security Agreement and Fixture Filing and Assignment of Assignment of Leases and Rents dated May 15, 2009 from Wells Fargo to Bank of America, N.A., as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23 ("Bank of America"), which was recorded in the Official Public Records of Dallas County on March 31, 2009 as Instrument Number 200900152386;

  d. An Allonge from Wells Fargo to Bank of America;

  e. An Omnibus Assignment dated March 31, 2009 from Wells Fargo to Bank of America;

  f. An Assignment of Deed of Trust, Security Agreement and Fixture Filing and Assignment of Assignment of Leases and Rents and Related Loan Documents dated March 22, 2010 from Bank of America to U.S. Bank, which was recorded in the Official Public Records of Dallas County on April 10, 2012 as Instrument Number 201200102305;

  g. An Allonge from Bank of America to U.S. Bank; and,

  h. An Omnibus Assignment dated March 22, 2012 from Bank of America to U.S. Bank.

  34. As special servicer for U.S. Bank, CWCAM has full power and authority to service and administer the Loan on behalf of U.S. Bank, including, but not limited to,

prosecuting actions to enforce and protect U.S. Bank's rights and remedies under the Loan Documents and applicable law.

35. On or about October 11, 2012, Borrowers defaulted under the terms of the Note as a result of the failure of the Borrowers to make the full monthly payment of principal and interest and required escrow and reserve payments due on that date.

36. On or about October 12, 2012, CWCAM notified the Defendant Borrowers, Maple 26, and Indemnitor of the Event of Default and U.S. Bank's acceleration of all amounts due under the Note, and demanded the immediate payment of all amounts due under the Loan by October 23, 2012.

37. All amounts due under the Loan were not paid by October 23, 2012.

38. On or about November 30, 2012, Maple 26 filed for voluntary bankruptcy in the U.S. Bankruptcy Court for the Central District of California, Case No. 12-23719, and listed the Property in such proceedings as an asset of Maple 26. The case was later transferred to the U.S. Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), and given Case No. 13-30402.

39. Listing the Property as an asset in the bankruptcy proceedings of Maple 26, a Borrower, subjects Defendant Borrowers to full recourse of the amounts due on the Loan. *See* Note, at § 2.6.

40. Listing the Property as an asset in the bankruptcy proceedings of Maple 26, a Borrower, subjects Indemnitor to full liability for "all principal, interest and other amounts" due and owing by Defendant Borrowers on the Loan. *See* Guaranty, at § 1.

41. As of December 28, 2012, the indebtedness owed under the Note totaled in excess of $53.8 million, and includes the unpaid principal amount of $45,775,984.24, a prepayment fee

of $7,407,677.11, interest in the amount of $227,443.06, default interest in the amount of $401,811.42, late fees in the amount of $36,456.18, property protection advances in the amount of $8,978.39, administrative fees in the amount of $445.00, attorneys' fees and costs, and other amounts due and owing under the Loan Documents and applicable law.  Interest, default interest, and other amounts have continued to accrue.  Interest accrues at the rate of 5.77% per annum.

42. As of January 11, 2013, Defendant Borrowers and Indemnitor had not paid all amounts due under the Loan, and Defendant Borrowers remained in default, causing U.S. Bank ongoing losses and injuries that it sought to recover by filing the Complaint commencing this action on that date.

43. Pursuant to the Loan Documents, Guaranty and applicable law, U.S. Bank and its special servicer CWCAM are entitled to payment of all costs and expenses, including court costs and attorneys' fees, incurred by U.S. Bank and its special servicer CWCAM in the enforcement or preservation of U.S. Bank's rights under the Loan Documents.  *See* Deed of Trust, at § 2.28(b); Guaranty, at § 6(o).

44. Defendant Borrowers' and Indemnitor's failure to pay principal, interest and other amounts due and owing on the Loan requires U.S. Bank and CWCAM to retain the services of attorneys to enforce the Note and Guaranty.

The Proceeds

45. As this action progressed, certain of the Additional Borrowers (the "New Debtors"[2], together with Maple 26, "Debtors") also filed for bankruptcy.  The New Debtors'

---

[2] The New Debtors are: (i) NNN 3500 Maple 1, LLC; (ii) NNN 3500 Maple 2, LLC; (iii) NNN 3500 Maple 3, LLC; (iv) NNN 3500 Maple 4, LLC; (v) NNN 3500 Maple 6, LLC; (vi) NNN 3500 Maple, 7 LLC; (vii) NNN 3500 Maple 10, LLC; (viii) NNN 3500 Maple 5, LLC; (ix) NNN 3500 Maple 12, LLC; (x) NNN 3500 Maple 13, LLC; (xi) NNN 3500 Maple 14, LLC;  (xii) NNN 3500 Maple 15, LLC; (xiii) NNN 3500 Maple 16, LLC; (xiv) NNN 3500 Maple 17, LLC; (xv) NNN 3500 Maple 18, LLC; (xvi) NNN 3500 Maple 20, LLC; (xvii) NNN 3500 Maple 22, LLC; (xviii) NNN 3500 Maple 23, LLC; (xix) NNN 3500 Maple 24, LLC; (xx) NNN 3500 Maple 27, LLC; (xxi) NNN 3500 Maple 28, LLC; (xxii) NNN 3500 Maple 29, LLC; (xxiii) NNN 3500 Maple 30, LLC; (xxiv)

bankruptcy cases were designated for joint administration with the bankruptcy proceedings initiated by Maple 26 (the "Bankruptcy Proceedings").

46. The remaining Defendant Borrowers in this action never filed for bankruptcy. They are: (i) Original Borrower 1; (ii) NNN 3500 Maple 8, LLC; (iii) NNN Maple 9, LLC; (iv) NNN 3500 Maple 11, LLC; (v) NNN 3500 Maple 25, LLC; and (vi) NNN 3500 Maple 35, LLC (individually and collectively, the "Non-Debtor Borrowers").

47. After the Bankruptcy Court entered an order granting relief from the automatic stay as to Maple 26 and the New Debtors, the Trust sold the Property through a foreclosure sale ("Foreclosure Sale") for $64,200,000.00.

48. The Trust applied the proceeds from the Foreclosure Sale and other amounts it was holding against its Secured Claim.

49. $9,619,719.05 remained from the proceeds of the Foreclosure Sale (the "Proceeds").

50. The Trust may be required, under court order, to turn over the Proceeds to the Debtors for administration.

51. The Debtors have represented to the Bankruptcy Court that they intend to distribute the Proceeds to the Debtors and Non-Debtor Borrowers.

52. If the Proceeds are distributed according in proportion to ownership interests, the Non-Debtor Borrowers' interests could be allocated as much as $1,877,338.88 (the "Non-Estate Proceeds") because Original Borrower 1 and each of the Additional Borrowers holds a fractional ownership interest in the Property aggregating to approximately 20% of the Property.

---

NNN 3500 Maple 31, LLC; (xxv) NNN 3500 Maple 32, LLC; and (xxvi) NNN 3500 Maple 34, LLC.

53. Plaintiff has the right to recover against the Non-Estate Proceeds, which secure the U.S. Bank's Secured Claim, to satisfy any deficiency in its Secured Claim.

## FIRST CAUSE OF ACTION
### (Breach Of Contract — Non-Debtor Borrowers Only)

54. U.S. Bank incorporates by reference the allegations made in paragraphs 1 – 53 as if set forth fully herein.

55. Defendant Borrowers covenanted and agreed in the Note and the Loan Documents to pay when due certain payment of principal of and interest on the Note. The Defendant Borrowers have breached this covenant.

56. Defendant Borrowers are in default under the Note and the Loan Documents as a result of, among other things, their failure to pay full monthly installment payments due under the Note for the month of October 2012 and thereafter.

57. U.S. Bank promptly notified Defendant Borrowers of the Event of Default and, consistent with the terms of the Note and the Loan Documents, accelerated all amounts due under the Note.

58. Defendant Borrowers have not paid all amounts due under the Note, which actually exceed $75,000.

59. As a result of Defendant Borrowers' failure to pay the sums due and owing to U.S. Bank under the Note and the Loan Documents, as well as other defaults under the Loan Documents, U.S. Bank and its special servicer CWCAM have engaged one or more law firms to prosecute this action and to protect and preserve U.S. Bank's rights.

60. Pursuant to the Loan Documents and applicable law, U.S. Bank and its special servicer CWCAM are entitled to payment from Defendant Borrowers of all costs and expenses, including court costs and attorneys' fees, incurred by U.S. Bank and its special servicer

CWCAM in the enforcement or preservation of U.S. Bank's rights under the Loan Documents. *See* Deed of Trust, at § 2.28(b).

61. By failing to pay all amounts due as required by the Note and the Loan Documents, the Defendant Borrowers have breached their covenant with and have injured U.S. Bank. Accordingly, CWCAM is entitled to pursue all remedies available to U.S. Bank at law and under the Note and the Loan Documents, including seeking full recourse against Non-Debtor Borrowers.

WHEREFORE, U.S. Bank, acting by and through its special servicer, CWCAM, demands judgment in its favor against Non-Debtor Borrowers, and requests that this Court award the following relief:

    a. Actual damages in the amount of all amounts due and owing under the Note exceeding $75,000, plus interest, default interest, and expenses which continue to accrue;

    b. Reasonable attorneys' fees;

    c. Prejudgment and post-judgment interest as allowed by law;

    d. Costs of suit; and,

    e. All other relief the Court deems appropriate.

### SECOND CAUSE OF ACTION
### (Breach Of Contract — Against Indemnitor Only)

62. U.S. Bank incorporates by reference the allegations made in paragraphs 1 – 61 as if set forth fully herein.

63. Indemnitor covenanted and agreed in the Guaranty to "be fully liable for all principal, interest and other amounts which may be due and owing by Borrower under the Note, the Deed of Trust and any other Loan Document from and after," among other events, "the

Property or any part thereof becoming an asset" in "a voluntary bankruptcy or insolvency proceeding of Borrower." *See* Guaranty, at § 1.  Indemnitor is fully liable for all amounts due from Borrowers to U.S. Bank, and has breached this covenant.

64. Following the Event of Default, U.S. Bank, consistent with its powers under the Note, accelerated all amounts due under the Note, which actually exceed $75,000.

65. As a result of Indemnitor's failure to pay its liability to U.S. Bank for all amounts due from Borrowers under the Note and the Loan Documents, U.S. Bank and its special servicer CWCAM have engaged one or more law firms to prosecute this action and to protect and preserve U.S. Bank's rights.

66. Pursuant to the Loan Documents, Guaranty, and applicable law, U.S. Bank and CWCAM are entitled to payment from Indemnitor of all costs and expenses, including court costs and attorneys' fees, incurred by U.S. Bank and CWCAM in the enforcement or preservation of U.S. Bank's rights under the Guaranty.  *See* Guaranty, at § 6(o).

67. By failing to pay its liability to U.S. Bank for all amounts due from Borrowers under the Note and the Loan Documents, Indemnitor has breached its covenant with and has injured U.S. Bank.  Accordingly, CWCAM is entitled to pursue all remedies available to U.S. Bank at law and under the Guaranty and the Loan Documents.

WHEREFORE, U.S. Bank, acting by and through its special servicer, CWCAM, demands judgment in its favor against Indemnitor, and requests that this Court award the following relief:

    a.    Actual damages in the amount of all amounts due and owing under the Note actually exceeding $75,000, plus interest, default interest, and expenses which continue to accrue;

  b. Reasonable attorneys' fees;

  c. Prejudgment and post-judgment interest as allowed by law;

  d. Costs of suit; and,

  e. All other relief the Court deems appropriate.

**THIRD CAUSE OF ACTION**
**(Injunction — Against Non-Debtor Borrowers Only)**

68. U.S. Bank incorporates by reference the allegations made in paragraphs 1 – 67 as if set forth fully herein.

69. The Non-Debtor Borrowers are poised to receive the Non-Estate Proceeds.

70. The Non-Estate Proceeds are the direct, traceable proceeds of the Foreclosure Sale of the Property securing the Non-Debtor Borrowers' breached obligations under the Note and Loan Documents.

71. The Non-Debtor Borrowers are not entitled to receive any portion of the Non-Estate Proceeds free and clear of the Trust's security interest until the Trust is repaid in full. *See* Deed of Trust at § 6.2.

72. U.S. Bank has the right to recover against the Non-Estate Proceeds, which secure the Trust's Secured Claim, to satisfy any deficiency in its Secured Claim and other existing claims for amounts the Trust has incurred in protecting its rights.

73. The Borrowers, including the Non-Debtor Borrowers, will likely immediately distribute the Proceeds to their equity holders, which will impede the Trust's ability to receive full repayment of the indebtedness owed under the Loan Documents

74. Dissipation of the Non-Estate Proceeds would divest U.S. Bank of its contracted-for right and practical ability to recover those funds from the security provided by those proceeds.

WHEREFORE, U.S. Bank, acting by and through its special servicer, CWCAM, requests that this Court award the following injunctive relief:

    a.    Enjoining the Non-Debtor Borrowers from spending, redistributing to an equity holder, or otherwise transferring any received portion of the Non-Estate Proceeds until U.S. Bank's Secured Claim is paid in full; and,

    b.    All other relief the Court deems appropriate.

Dated this 16th day of December, 2014.

Respectfully submitted,

*s/ Wyatt Maxwell*
Tanya D. Henderson
State Bar No. 50511706
thenderson@perkinscoie.com
William W. Maxwell
State Bar No.: 24060240
wmaxwell@perkinscoie.com
Perkins Coie LLP
500 N. Akard Street, Suite 3300
Dallas, TX  75201-2911
Phone: (214) 965-7700
Fax: (214) 965-7799

-AND-

Gregory A. Cross
Christopher R. Mellott
Lucas J. Polcyn
*Admitted Pro Hac Vice*
gacross@venable.com
crmellott@venable.com
lpolcyn@venable.com
Venable LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Phone: (410) 244-7552
Fax: (410) 244-7742

**Attorneys for Plaintiff U.S. Bank National Association, as Trustee, successor-in-interest to Bank of America, N.A., as Trustee, Successor to Wells Fargo Bank, N.A., as Trustee, for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23, acting by and through its special servicer, CWCapital Asset Management LLC**

**CERTIFICATE OF SERVICE**

On December 16, 2014, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel for parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2). I also served the following unrepresented parties by first class mail at the following resident agent for service or the last known address:

>NNN 3500 Maple VF 2003
>c/o National Registered Agents, Inc.
>160 Greentree Drive
>Suite 101
>Dover, DE 19904
>
>NNN 3500 MAPLE 5, LLC
>c/o Jo Hice or Frankie DiMare
>21W481 Fairway Avenue
>Glen Ellyn, IL 60137-4731
>
>NNN 3500 MAPLE 32, LLC
>c/o John J. Husband
>1096 Kabuki Avenue
>Henderson, NV 89074

*s/ Wyatt Maxwell*
Wyatt Maxwell