UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 3:13-cv-00133-N |
| | § | |
| NNN 3500 MAPLE LLC, et al. | § | |
| | § | |
| Defendants. | § | |

## AMENDED ANSWER OF NNN REALTY INVESTORS, LLC
## AND NNN 3500 MAPLE, LLC

TO THE HONORABLE JUDGE OF THE COURT:

NNN REALTY INVESTORS, LLC ("REALTY") and NNN 3500 MAPLE, LLC ("TIC 0"), Defendants in the above styled and numbered case, file this Amended Answer, and would show the Court as follows:

1.     Concerning the allegations contained in the unnumbered paragraph on page 1 of the Plaintiffs' Amended Complaint ("Complaint") [Docket No. 66], REALTY and TIC 0 admit that U.S. Bank National Association, as Trustee, successor-in-interest to Bank or America, N.A., as Trustee, Successor to Wells Fargo Bank, N.A., as Trustee, for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23 ("U.S. Bank"), acting by and through its special servicer, CW Capital Asset Management LLC ("CWCAM") (collectively

"Plaintiffs") have filed the Complaint. However, they deny that the complaints which follow in the Complaint have any merit whatsoever.

2.      REALTY and TIC 0 lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Section 1 of Plaintiffs' Complaint, and therefore deny same pursuant to Fed. R. Civ. P. 8(b)(5).

3.      REALTY and TIC 0 lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Section 2 of Plaintiffs' Complaint, and therefore deny same pursuant to Fed. R. Civ. P. 8(b)(5).

4.      TIC 0 admits the allegation contained in Section 3 of Plaintiff's Complaint.

5.      REALTY and TIC 0 lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Section 4 of Plaintiffs' Complaint, and therefore deny same pursuant to Fed. R. Civ. P. 8(b)(5).

6.      REALTY and TIC 0 admit the allegations contained in Section 5 of Plaintiffs' Complaint.

7.      REALTY and TIC 0 lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Section 6 of Plaintiffs' Complaint, and therefore deny same pursuant to Fed. R. Civ. P. 8(b)(5).

8.      REALTY and TIC 0 lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Section 7 of Plaintiffs' Complaint, and therefore deny same pursuant to Fed. R. Civ. P. 8(b)(5).

9.      REALTY and TIC 0 lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Section 8 of Plaintiffs' Complaint, and therefore deny same pursuant to Fed. R. Civ. P. 8(b)(5).

10.      REALTY and TIC 0 lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Section 9 of Plaintiffs' Complaint, and therefore deny same pursuant to Fed. R. Civ. P. 8(b)(5).

11.      REALTY and TIC 0 lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Section 10 of Plaintiffs' Complaint, and therefore deny same pursuant to Fed. R. Civ. P. 8(b)(5).

12.      REALTY and TIC 0 lack knowledge or information sufficient to form a belief about the truth of the other allegations contained in Section 11 of Plaintiffs' Complaint and therefore deny same pursuant to Fed. R. Civ. P. 8(b)(5).

13.      REALTY and TIC 0 lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Section 12 of Plaintiffs' Complaint, and therefore deny same pursuant to Fed. R. Civ. P. 8(b)(5).

14.      REALTY and TIC 0 lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Section 13 of Plaintiffs' Complaint, and therefore deny same pursuant to Fed. R. Civ. P. 8(b)(5).

15.      REALTY and TIC 0 lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Section 14 of Plaintiffs' Complaint, and therefore deny same pursuant to Fed. R. Civ. P. 8(b)(5).

16.     REALTY and TIC 0  lack knowledge or  information sufficient to form a  belief about  the truth  of  the  allegations  contained  in  Section 15  of  Plaintiffs' Complaint, and therefore  deny  same pursuant  to Fed. R. Civ. P. 8(b)(5).

17.     REALTY and TIC 0  lack knowledge or  information sufficient to form a  belief about  the truth  of  the  allegations  contained  in  Section 16  of  Plaintiffs' Complaint, and therefore  deny  same pursuant  to Fed. R. Civ. P. 8(b)(5).

18.     REALTY and TIC 0  lack knowledge or  information sufficient to form a  belief about  the truth  of  the  allegations  contained  in  Section 17  of  Plaintiffs' Complaint, and therefore  deny  same pursuant  to Fed. R. Civ. P. 8(b)(5).

19.     REALTY  and  TIC  0  admit  the  allegations  contained  in  Section  18  of Plaintiffs' Complaint.

20.     REALTY  and  TIC  0  admit  the  allegations  contained  in  Section  19  of Plaintiffs' Complaint.

21.     REALTY and TIC 0 admit the allegations contained in Section 20 of Plaintiffs' Complaint.

22.     REALTY and TIC 0 admit the factual details regarding the documents described in Section 21 of Plaintiffs' Complaint, but deny that they are indebted to U.S. Bank.

23.     REALTY and TIC 0 admit the factual details regarding the documents described in Section 22 of Plaintiffs' Complaint, but deny that they are indebted to U.S. Bank.

24.     Concerning the allegations contained in Section 23 of the Plaintiffs' Complaint, REALTY and TIC 0 admit that there is a Note and that said Note is self-evident with

regard to its contents. Except as expressly admitted, REALTY and TIC 0 deny the allegations contained in Section 23 of Plaintiffs' Complaint.

25.     Concerning the allegations contained in Section 24 of the Plaintiffs' Complaint, REALTY and TIC 0 admit that there is a Security Agreement and that said Security Agreement is self-evident with regard to its contents. Except as expressly admitted, REALTY and TIC 0 deny the allegations contained in Section 24 of Plaintiffs' Complaint.

26.     Concerning the allegations contained in Section 25 of the Plaintiffs' Complaint, REALTY and TIC 0 admit that there is a Note and that said Note is self-evident with regard to its contents.  Except as expressly admitted, REALTY and TIC 0 deny the allegations contained in Section 25 of Plaintiffs' Complaint.

27.     Concerning the allegations contained in Section 26 of the Plaintiffs' Complaint, REALTY and TIC 0 admit that there is a Note and a Deed of Trust and that said Note and Deed of Trust are self-evident with regard to their contents. Except as expressly admitted, REALTY and TIC 0 deny the allegations contained in Section 26 of Plaintiffs' Complaint.

28.     Concerning the allegations contained in Section 27 of the Plaintiffs' Complaint, REALTY and TIC 0 admit that transfers of property interests may have occurred as documented by properly executed transaction documents and subject to the express terms of those documents, each of which will be self-evident. Except as expressly admitted, REALTY and TIC 0 deny the allegations contained in Section 27 of Plaintiffs' Complaint.

29.     Concerning the allegations contained in Section 28 of the Plaintiffs' Complaint, REALTY and TIC 0 admit that the documents referenced exist and are self-evident with regard to their contents.  Except as expressly admitted, REALTY and TIC 0 deny the allegations contained in Section 28 of Plaintiffs' Complaint.

30.     Concerning the allegations contained in Section 29 of the Plaintiffs' Complaint, REALTY and TIC 0 admit that the documents referenced exist and are self-evident with regard to their contents.  Except as expressly admitted, REALTY and TIC 0 deny the allegations contained in Section 29 of Plaintiffs' Complaint.

31.     Concerning the allegations contained in Section 30 of the Plaintiffs' Complaint, REALTY and TIC 0 admit that the document referenced exists and is self-evident with regard to its contents.  Except as expressly admitted, REALTY and TIC 0 deny the allegations contained in Section 30 of Plaintiffs' Complaint.

32.     Concerning the allegations contained in Section 31 of the Plaintiffs' Complaint, REALTY and TIC 0 admit that the documents referenced exist and are self-evident with regard to their contents.  Except as expressly admitted, REALTY and TIC 0 deny the allegations contained in Section 31 of Plaintiffs' Complaint.

33.     Concerning the allegations contained in Section 32 of the Plaintiffs' Complaint, REALTY and TIC 0 admit that the documents referenced exist and are self-evident with regard to their contents.  Except as expressly admitted, REALTY and TIC 0 deny the allegations contained in Section 32 of Plaintiffs' Complaint.

34.     REALTY and TIC 0 lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Section 33 of Plaintiffs' Complaint, and therefore deny same.

35.     REALTY and TIC 0 lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Section 34 of Plaintiffs' Complaint, and therefore deny same.

36.     The allegations contained in Section 35 are vague, and REALTY and TIC 0 are uncertain as to the exact specificity thereof. Therefore, REALTY and TIC 0 lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Section 35 of Plaintiffs' Complaint, and therefore deny same.

37.     The allegations contained in Section 36 are vague, and REALTY and TIC 0 are uncertain as to the exact specificity thereof. Therefore, REALTY and TIC 0 lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Section 36 of Plaintiffs' Complaint, and therefore deny same.

38.     REALTY and TIC 0 admit the allegations contained in Section 37 of Plaintiffs' Complaint.

39.     REALTY and TIC 0 deny the allegations contained in Section 38 of Plaintiffs' Complaint.

40.     REALTY and TIC 0 deny the allegations contained in Section 39 of Plaintiffs' Complaint.

41.     REALTY and TIC 0 deny the allegations contained in Section 40 of Plaintiffs' Complaint.

42.     REALTY and TIC 0 deny the allegations contained in Section 41 of Plaintiffs' Complaint.

43.     REALTY and TIC 0 deny the allegations contained in Section 42 of Plaintiffs' Complaint.

44.     REALTY and TIC 0 deny the allegations contained in Section 43 of Plaintiffs' Complaint.

45.     REALTY and TIC 0 deny the allegations contained in Section 44 of Plaintiffs' Complaint.

46.     REALTY and TIC 0 admit the allegations contained in Section 45 of Plaintiffs' Complaint.

47.     REALTY and TIC 0 admit the allegations contained in Section 46 of Plaintiffs' Complaint.

48.     REALTY and TIC 0 admit the allegations contained in Section 47 of Plaintiffs' Complaint.

49.     REALTY and TIC 0 deny the allegations contained in Section 48 of Plaintiffs' Complaint.

50.     REALTY and TIC 0 admit that the Trust held $9,619,719.05 after the Foreclosure Sale, but otherwise deny the allegations contained in Section 49 of Plaintiffs' Complaint.

51.     The Trust was ordered to turn over the Proceeds to the Debtors and has done so; otherwise, REALTY and TIC 0 deny the allegations contained in Section 50 of Plaintiffs' Complaint.

52.     The Debtor's intentions are reflected by a court-approved Chapter 11 Plan; otherwise, REALTY and TIC 0 deny the allegations contained in Section 51 of Plaintiffs' Complaint.

53.     REALTY and TIC 0 deny the allegations contained in Section 52 of Plaintiffs' Complaint.

54.     REALTY and TIC 0 deny the allegations contained in Section 53 of Plaintiffs' Complaint.

55.     REALTY and TIC 0 admit that Plaintiffs have incorporated the allegations made in paragraphs 1-53 of their Complaint, and respond to Section 54 of Plaintiffs' Complaint by incorporating by reference their responses to Sections 1-53 of Plaintiffs' Complaint.

56.     Concerning the allegations contained in Section 55 of the Plaintiffs' Complaint, REALTY and TIC 0 admit that the documents referenced are self-evident with regard to their contents. Except as otherwise admitted, REALTY and TIC 0 deny the allegations contained in Section 55 of Plaintiffs' Complaint.

57.     REALTY and TIC 0 deny the allegations contained in Section 56 of Plaintiffs' Complaint.

58.     Concerning the allegations contained in Section 57 of the Plaintiffs' Complaint, REALTY and TIC 0 admit that the documents referenced are self-evident with regard to their contents. REALTY and TIC 0 deny all other allegations contained in Section 57 of Plaintiffs' Complaint.

59.     REALTY and TIC 0 deny the allegations contained in Section 58 of Plaintiffs' Complaint.

60.     REALTY and TIC 0 deny the allegations contained in Section 59 of Plaintiffs' Complaint.

61.     REALTY and TIC 0 deny the allegations contained in Section 60 of Plaintiffs' Complaint.

62.     REALTY and TIC 0 deny the allegations contained in Section 61 of Plaintiffs' Complaint.

63.     REALTY and TIC 0 deny that Plaintiffs are entitled to relief in connection with the "First Cause of Action" alleged in Plaintiffs' Complaint.

64.     REALTY and TIC 0 admit that Plaintiffs have incorporated the allegations made in paragraphs 1-61 of their Complaint, and respond to Section 62 of Plaintiffs' Complaint by incorporating by reference their responses to Sections 1-61 of Plaintiffs' Complaint.

65.     REALTY admits there is a Guaranty and that said Guaranty is self-evident with regard to its contents.  Except as expressly admitted, REALTY denies the allegations contained in Section 63 of Plaintiffs' Complaint.  TIC 0 admits that Plaintiffs have made the allegations

contained in Section 63 solely against the Indemnitor. It denies the other facts contained therein.

66.     REALTY denies the allegations contained in Section 64 of Plaintiffs' Complaint. TIC 0 admits that Plaintiffs have made the allegations contained in Section 63 solely against the Indemnitor. It denies the other facts contained therein.

67.     REALTY denies the allegations contained in Section 65 of Plaintiffs' Complaint. TIC 0 admits that Plaintiffs have made the allegations contained in Section 63 solely against the Indemnitor. It denies the other facts contained therein.

68.     REALTY denies the allegations contained in Section 66 of Plaintiffs' Complaint. TIC 0 admits that Plaintiffs have made the allegations contained in Section 63 solely against the Indemnitor. It denies the other facts contained therein.

69.     REALTY admits that it has not paid under the Indemnification Agreement but denies that any monies are due. Except as expressly admitted, REALTY denies the allegations contained in Section 67 of Plaintiffs' Complaint. TIC 0 admits that Plaintiffs have made the allegations contained in Section 63 solely against the Indemnitor. It denies the other facts contained therein.

70.     REALTY and TIC 0 deny the allegations contained in Section 68 of Plaintiffs' Complaint.

71.     REALTY and TIC 0 deny the allegation contained in Section 69 of Plaintiffs' Complaint.

72.     REALTY and TIC 0 deny the allegation contained in Section 70 of Plaintiffs' Complaint.

73.     REALTY and TIC 0 deny the allegation contained in Section 71 of Plaintiffs' Complaint.

74.     REALTY and TIC 0 deny the allegation contained in Section 72 of Plaintiffs' Complaint.

75.     REALTY and TIC 0 deny the allegation contained in Section 73 of Plaintiffs' Complaint.

76.     REALTY and TIC 0 deny the allegation contained in Section 74 of Plaintiffs' Complaint.

77.     For further response to the Third Cause of Action, REALTY and TIC 0 incorporate herein by reference TIC 0's Response to Motion for Temporary Restraining Order or, in the Alternative, for Injunction Under Fed R. Civ. P. 64 and Brief in Support (Docket No. 56).

78.     REALTY and TIC 0 deny that Plaintiffs are entitled to any relief with regard to the Third Cause of Action, as alleged in Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

79.     The Plaintiffs' claims are barred by the doctrine of *in pari delicto.*

80.     The Plaintiffs' claims are barred by the doctrine of *res judicata*.

81.     The Plaintiffs' claims are barred by the doctrine of collateral estoppel.

82.     The Plaintiffs' claims are barred by the doctrine of election of remedies.

JURY  DEMAND

REALTY and TIC 0 demand a trial by jury.

Therefore, REALTY and TIC 0 request that the Plaintiffs take nothing against them and that they recover their reasonable attorney's fees and costs under applicable law, and for such other relief to which they may be entitled.

Dated February 4, 2015.


Respectfully submitted,

JONES, ALLEN & FUQUAY, L.L.P.

By:   */s/ Laura L. Worsham*
    Laura L. Worsham (TX Bar No. 22008050)
    Nathan Allen, Jr. (TX Bar No. 01071000)
    8828 Greenville Avenue
    Dallas, Texas  75243
    Telephone: (214) 343-7400
    Facsimile: (214) 343-7455
    lworsham@jonesallen.com
    nallen@jonesallen.com

Counsel for Defendant NNN 3500 MAPLE, LLC
And NNN REALTY INVESTORS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2015, a true and correct copy of the foregoing Amended Answer was sent via the Court's electronic notice/ECF system to all persons requesting electronic notices in this proceeding and via e-mail to the parties listed below:

| | |
|---|---|
| Kenneth R. Stein<br>*Counsel for Non-Debtor TICs*<br>kstein@gpm-law.com | Gregory A. Cross<br>Christopher R. Mellott<br>Frederick W.H. Carter<br>*Counsel for CWCapital as Special Servicer*<br>*for U.S. Bank N.A. as Trustee*<br>crmellott@venable.com<br>fwcarter@venable.com |
| Steven R. Smith<br>*Counsel for Interpleader*<br>stevesmith@perkinscoie.com | Michelle V. Larson<br>mchellelarson@andrewskurth.com |
| Eric M. English<br>*Counsel for Building and Land Technology*<br>*Corp and 3500 Maple Dallas LP*<br>EEnglish@kslaw.com | Thaddeus D. Wilson<br>*Counsel for Building and Land Technology*<br>*Corp and 3500 Maple Dallas LP*<br>ThadWilson@kslaw.com |

    /s/ Laura L. Worsham
Laura L. Worsham